UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

RANDY LAQUAWN WILLIAMS TRUST

                              Plaintiff,
                                                             5:18-CV-00139

v.
                                                             (LEK/TWD)

WILLIAM J. FITZPATRICK, COUNTY OF
ONONDAGA,

                              Defendants.

_____

APPEARANCES:

RANDY LAQUAWN WILLIAMS TRUST
Plaintiff, pro se
00000607
Onondaga County Justice Center
555 South State Street
Syracuse, NY 13201

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT- RECOMMENDATION

## I.    INTRODUCTION

On February 2, 2018, the Randy Laquawn Williams Trust ("Trust") submitted a *pro se*

complaint against Defendants Onondaga County District Attorney William J. Fitzpatrick and the

County of Onondaga for refusing to return trust property allegedly confiscated by the Syracuse

Police Department, despite the demand of Randy Laquawn Williams ("Williams"), Trustee, that

they do so.  (Dkt. No. 1 at 4-5.[1])  The trust property at issue included "telephone; Motorola

XT1526, bearing the serial number TA09803FH and IMEI number 990005475980083, white in

_____

[1] Page references to documents identified by docket number are to the numbers assigned
by the CM/ECF docketing system maintained by the Clerk's Office.

color; also ZTE Grand X Z987 telephone, which is black in color."[2]  (Dkt. No. 1 at 4.)  The Trust

also filed an application completed by Williams to proceed *in forma pauperis* ("IFP Application).

(Dkt. No. 2.)

The Court issued an Order on February 9, 2018, explaining that the requisite initial

review of the *pro se* complaint under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) was premature because

the Trust could not be granted *in forma pauperis* status, and that even if the Trust could proceed

*in forma pauperis*, as an artificial entity it could not litigate  *pro se.*  (Dkt. No. 4.)  The Court

further explained that even had the action been commenced by Williams, as trustee of the Trust,

the law would not allow him to represent the Trust, because as a non-lawyer Williams can only

represent himself.  *Id*.  Therefore, even if Williams were himself to sue as trustee on behalf of the

Trust, he would be required to be represented by counsel.  *Id*.

The Court's Order stayed the case for sixty days in order to: (1) give the Plaintiff Trust an

opportunity to retain counsel and pay the applicable filing fee for the action; or (2) name Randy

Laquawn Williams, as trustee on behalf of the Trust, as Plaintiff, file an IFP Application for

Williams, as trustee, and also retain counsel to represent Williams, as trustee.  *Id*.  The Order

placed the Trust and Williams on notice the if neither of those things occurred on or before April

10, 2018, the Court would issue a Report-Recommendation to the assigned District Court Judge

recommending that the complaint be dismissed without prejudice.

---

[2]    Both the original and amended complaints allege that the phones belong to the
"Plaintiff" even though the Trust is the named Plaintiff in the original complaint and Williams,
as trustee is the named Plaintiff in the amended complaint. (*See* Dkt. Nos. 1 and 5.)  Inasmuch as
documents annexed to both the original and amended complaints identify the phones as
belonging to the Trust and as to Williams as trustee, the Court is construing the amended
complaint as alleging ownership of the phones by the Trust. (*See* Dkt. Nos. 1-1 at 4, 11-17; 5 at
13-14, 17-24.)

## II.    WILLIAMS' AMENDED COMPLAINT

In response to the Court's Order, Williams has submitted an amended complaint, along with a new IFP Application in his own name, and motion for appointment of counsel, all of which the Clerk has sent to the Court for review.  (Dkt. Nos. 5, 6, 8.)  In the amended complaint, Plaintiff is identified as "Randy Laquawn Williams, as Trustee for and of the Randy Laquawn Williams Trust." (Dkt. No. 5.)  Defendants are again listed as William J. Fitzpatrick and County of Onondaga and the factual allegations and claims asserted against them are same as in the original complaint.  *Id*.; Dkt. No. 1.

## III.    IFP APPLICATION

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).  After reviewing Williams' IFP Application, the Court finds that he meets this standard.  Therefore, Williams' IFP application (Dkt. No. 6) is granted.

## IV.    ANALYSIS

Plaintiff seeks appointment of counsel because: (1) as a non-attorney he is precluded from representing the Trust in this action; (2) the claims raised in the amended complaint are meritorious; and (3) failure to appoint counsel would curtail his ability to address violations of federal law.  *Id*. at 2.  Plaintiff claims to have been unsuccessful in his efforts to retain counsel and has submitted letters written to three local attorneys in late January and early February of this year seeking representation in this action.  (Dkt. No. 8 at 1, 3-7.)

Indigents filing civil actions have no constitutional right to counsel.  *See Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994).  However, pursuant to 28 U.S.C. § 1915(e), the Court

may request an attorney to represent an indigent party. 28 U.S.C. § 1915(e)(1).  Courts cannot

use a bright-line test in determining whether counsel should be appointed on behalf of an

indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997).  Rather, a number of

factors must be carefully considered by the court in ruling upon such a motion.  *Id.*

The factors to be considered are set forth in the Second Circuit decision in *Hodge v.

Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).  Under *Hodge*, as a threshold matter, the Court

must consider whether the plaintiff's claims are likely to be of substance.  *Hodge*, 802 F.2d at 60

("Even where the claim is not frivolous, counsel is often unwarranted where the indigent's

chances of success are extremely slim.").  In reviewing the record, the Court finds Plaintiff has

failed to make the requisite threshold showing of substance.[3]

Because this case was recently commenced, the only facts upon which the Court can base

a decision as to whether this lawsuit is of substance are the facts alleged in Plaintiff's amended

complaint and documents annexed to the amended complaint, including what appears to be a

document creating the Trust; a UCC filing regarding the Trust; a letter from Plaintiff, as trustee,

to Defendant Fitzpatrick demanding return of the cell phones to the Trust; and a notice of claim

apparently filed by Plaintiff in the New York State Supreme Court.[4]   (Dkt. No. 5 at 11-15.)  The

facts alleged in the amended complaint provide little context for the events alleged by Plaintiff to

have given rise to his claims of deprivation of constitutional rights.

---

[3]  If the *pro se* plaintiff's claim fails to satisfy the threshold requirement the court need
not consider the remaining factors set forth in *Hodge*.  *See Hodge*, 802 F.2d at 60-61.

[4]  The documents annexed to the amended complaint, which have been reviewed by the
Court, do not provide relevant evidentiary support for Plaintiff's Fourteenth Amendment denial
of due process and equal protection claims, or his Fourth Amendment illegal search and seizure
claim.  (Dkt. No. 5 at 11-33.)

Where a plaintiff does not provide a Court with evidence, as opposed to mere allegations,

relating to his or her claims, he does not meet the threshold requirement imposed by the Second

Circuit in *Hodge*, 802 F.2d  at 61, relative to applications seeking appointment of pro bono

counsel.  *See Brown v. Utica Police Dept.*, No. 6:17-CV-1190 (BKS/ATB),  2017 WL 5514518,

at \*5 (N.D.N.Y. Nov. 16, 2017)[5] (citing *Harmon v. Runyon*, No. 96-Civ.-6080, 1997 WL 118379

(S.D.N.Y. Mar. 17, 1997)).

The Court therefore finds that Plaintiff has not met the threshold requirement for

appointment of counsel in this case and denies his motion without prejudice.  Inasmuch as the

non-attorney trustee of a trust may not represent the trust *pro se*, the Court recommends that the

action be dismissed without prejudice.  *See Gabayzadeh v. Taylor*, 639 F. Supp. 2d.  298, 302

(E.D.N.Y. 2009) (rule that a person who has not been admitted to practice of law may not

represent anyone other than himself applies to non-attorney trustees who seek to represent a trust

*pro se*).

**ACCORDINGLY**, it is hereby

**ORDERED** that Randy Laquawn Williams' IFP Application (Dkt. No. 6) is **GRANTED**;

and it is further

**ORDERED** that Plaintiff's motion for the appointment of counsel (Dkt. No. 8) is

**DENIED WITHOUT PREJUDICE**; and it is hereby

**RECOMMENDED** that Plaintiff's amended complaint (Dkt. No. 5) be **DISMISSED**

**WITHOUT PREJUDICE**; and it is hereby

---

[5] Copies of all unpublished decisions cited herein will be provided to Plaintiff in
accordance with *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (*per curiam*).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[6]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:  March 30, 2018
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[6]  If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).

2017 WL 5514518
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Kevin C. BROWN, Plaintiff,
v.
UTICA POLICE DEPARTMENT, et al., Defendants.

6:17-CV-1190 (BKS/ATB)
|
Signed 11/16/2017

**Attorneys and Law Firms**

KEVIN C. BROWN, Plaintiff, pro se.

**Opinion**

### ORDER and REPORT-RECOMMENDTION

Hon. Andrew T. Baxter, U.S. Magistrate Judge

 **\*1** The Clerk has sent to the court for review a complaint brought pursuant to 42 U.S.C. § 1983, originally filed on October 27, 2017 by pro se plaintiff Kevin C. Brown. (Dkt. No. 1 ("Compl.")). On October 30, 2017, the Honorable Brenda K. Sannes ordered that the case be administratively closed because plaintiff's IFP application was incomplete. (Dkt. No. 4). On November 13, 2017, plaintiff filed a "supplemental" motion to proceed IFP, together with the properly completed forms, and a motion for appointment of counsel. (Dkt. Nos. 6, 7). Based on the appropriate filings by plaintiff Judge Sannes ordered reopening of the action. (Dkt. No. 8). On November 14, 2017, this case was sent to me for initial review.

### I. IFP Application
As to plaintiff's IFP application, the Court finds that plaintiff has demonstrated economic need and has now filed the appropriate forms. As a result, plaintiff's motion to proceed IFP is granted.

In addition to determining whether plaintiffs meet the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court

determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

### II. Complaint
Plaintiff alleges that on August 14, 2017, at 11:30 a.m. in Utica, New York, he was "stopped and detained" by Officer Mahay and immediately put in handcuffs. (Complaint ("Compl.") ¶ 6 at 4). [1] Plaintiff states that he was told that the arrest was part of an investigation. (*Id.*) Soon, thereafter, defendants Sergeant Mark Fields and Investigator Paul Paladino of the Utica Police arrived on the scene, accompanied by Investigator David Desens. (*Id.* at 4-5). Plaintiff claims that defendant Paladino approached plaintiff and began frisking him, "aggressively focusing on my buttocks area." (*Id.* at 5). Plaintiff claims that defendant Paladino stuck his thumb in the "middle" of plaintiff's buttocks, while he and defendant Paladino were standing on the street, in plain view of the public. (*Id.* at 6).

**\*2** Plaintiff states that he began asking bystanders for help, and defendant Paladino responded by placing plaintiff in the back seat of Police Car 25 and instructing Officer Mahay to drive plaintiff to the Utica Police Station. (*Id.*) Defendant Paladino followed in his own vehicle. Plaintiff admits that, during the ride to the police station, he "began stuffing evidence [he] had consealed [sic] in [his] buttock cavity area into my anal cavity/rectum per the rear of my pants." (*Id.*) Officer Mahay looked in his rear-view mirror, observed plaintiff moving around, and told him to "knock it off."

Plaintiff claims that Officer Mahay then used his radio and pulled his car over in front of the Stanley Theater in Utica. Defendant Paladino and defendant Mark Fields pulled up behind Officer Mahay's car. The officers had a discussion outside the vehicles, and then opened the car door and put a seatbelt around plaintiff. Defendant Paladino then told plaintiff that the "Butt trick" would not work this time.[2] (*Id.*) Plaintiff claims that when they arrived at the police station, both hands were handcuffed to a bench in a holding cell, where plaintiff was forced to wait for at least an hour while defendant Paladino attempted to obtain a warrant to search plaintiff's body. (*Id.* at 8). Plaintiff alleges that he was under constant surveillance during that time. (*Id.*)

Plaintiff claims that when defendant Paladino returned with a warrant, plaintiff was escorted to a cell at the back of the station and instructed to sit on a bed. Plaintiff claims that the handcuffs were never removed. (*Id.*) Plaintiff then describes the subsequent search in detail. (*Id.* at 8-9). Without reciting each detail, the court notes that plaintiff claims that the body cavity search was improperly conducted. Plaintiff alleges that he was forced to bend over multiple times, was left "bottomless" with only a T-Shirt, and was handcuffed the entire time.

Plaintiff alleges that when he refused to cooperate with the officers, defendant Paladino "aggressively got in [plaintiff's] face and told him that the officers knew that he had drugs in his anal cavity, and either plaintiff could remove them, or defendant Paladino was going to remove them himself. (*Id.* at 10). Ultimately, plaintiff claims that defendant Paladino reached into plaintiff's rectum to retrieve the contraband, while he was handcuffed and restrained by Officer Mahay and Investigator Desens.[3]

Plaintiff states that the entire incident was degrading. He was disrobed by defendant Paladino, left with no pants or underwear, while being held by two police officers in a cell for at least half an hour, forced to bend over multiple times, and eventually was the subject of a sexual assault by defendant Paladino. (*Id.*) Plaintiff claims that defendant Fields stood and watched the intrusion without acting or remedying the situation. (*Id.* at 11). Plaintiff claims that the officers lied about their conduct in their report of the incident. Plaintiff alleges that the "matter" is with "Internal Affairs." (*Id.*) Plaintiff claims that the Utica Police Department has failed to properly train and supervise its officers because this incident was allowed to occur. For a more complete recitation of the facts, reference is made to the complaint herein.

**\*3** Plaintiff claims that he has suffered serious mental and physical damage as a result of this incident and requests injunctive as well as substantial monetary relief. Plaintiff asks that cameras be provided so that strip searches may be recorded. (Compl. ¶ 9 at 12).

The complaint contains three causes of action. Plaintiff alleges that defendant Paladino violated his Fourth (First Cause of Action) and Eighth (Second Cause of Action) Amendment rights. (Compl. ¶ 7 at 5). Plaintiff also claims that his Fourteenth Amendment right to Equal Protection was violated by defendant Fields (Third Cause of Action).

### I. Utica Police Department

Under New York law, departments, like the Utica Police Department, that are merely administrative arms of a municipality, do not have a legal identity separate from the municipality, and may not sue or be sued. *Hayes v. County of Sullivan*, Nos. 07-CV-667; 09-CV-2071, 2012 WL 1129373, at \*24 (S.D.N.Y. March 30, 2012) (citing inter alia *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)). Plaintiff may not sue the Utica Police Department.

Plaintiff does appear to be alleging a failure to train in this action. (Compl. at 11). However, plaintiff's allegations of failure to train and supervise are conclusory at this time. Conclusory allegations are insufficient to state a claim under section 1983. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987). Thus, the court will recommend dismissing the action as against the Utica Police Department, but without prejudice to plaintiff amending his complaint to

add the City of Utica as a defendant if he properly alleges a policy, custom, or failure to train. [4]

## II. Eighth Amendment

### A. Legal standards
**\*4** Eighth Amendment claims are normally limited to post-conviction situations, while pre-trial detainees and free citizens are protected by the Fourth and Fourteenth Amendments. *See Holland v. City of New York*, 197 F. Supp. 3d 529, 542, 545 (S.D.N.Y. 2016) (citing inter alia *Katz v. United States*, 389 U.S 347, 350 (1967); *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). This applies to claims of unreasonable searches and seizures as plaintiff raises in this complaint. *Id.*

### B. Application
Plaintiff's first and second causes of action assert essentially the same factual basis against the defendants, but plaintiff's first cause of action purports to be based upon the Fourth Amendment, while the second cause of action asserts the Eighth Amendment. (Compl. ¶ 7 at 5). To the extent that plaintiff asserts the Eighth Amendment as a basis for this action, that basis may be dismissed. In addition, plaintiff's Fourth Amendment claim encompasses any claim for unreasonable search and seizure that he would have under the Fourteenth Amendment. *See Green v. Martin*, 224 F. Supp. 3d 154, 170 (D. Conn. 2016). Thus, plaintiff's first two cause of action may proceed on all of plaintiff's facts, but only under the Fourth Amendment.

## III. Equal Protection

### A. Legal Standards
The Equal Protection Clause of the Fourteenth Amendment requires that the government treat all similarly situated people alike. *Nicholas v. Tucker*, 114 F.3d 17, 20 (2d Cir. 1997). Generally, the equal protection clause has been "concerned with governmental 'classifications that affect some groups of citizens differently than others.' " *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008).

### B. Application
Plaintiff's third cause of action alleges that his Fourteenth Amendment right to Equal Protection was violated when he was "singled out" by defendants and subjected to arbitrary, capricious, and irrational treatment in a custodial setting, under the supervision of defendant Fields. (Compl. ¶ 7 – Third Cause of Action at 5). Although plaintiff states that he was "singled out," he does not claim that any other similarly situated individual was treated differently than he was treated. Thus, plaintiff's conclusory Equal Protection claim may be dismissed for failure to state a claim. The court will recommend dismissing this cause of action without prejudice to plaintiff amending his complaint to state a viable Equal Protection claim.

## IV. Appointment of Counsel

### A. Legal Standards
Unlike criminal defendants, IFP plaintiffs bringing civil actions have no constitutional right to the appointment of counsel. *Wali v. One Source Co.*, No. 07-7550, 2009 WL 3170110, at \*1 (S.D.N.Y. Sept. 30, 2009) (citation omitted). "Appointment" of counsel in a civil action involves the court requesting an attorney to represent an IFP party pro bono under 28 U.S.C. § 1915(a)(1). *Id.* In determining whether to make such a request for the indigent party, courts do not utilize a bright-line test. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered.

As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. If so, the court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

**\*5** *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts.

*Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

However, prior to the court engaging in the above analysis, a party must first demonstrate that he is unable to obtain counsel through the private sector or public interest firms. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 173-74 (2d Cir. 1989) (citing *Hodge*, 802 F.2d at 61).

### B. Application

In this case, plaintiff states that he needs an attorney because his case is "very complicated." (Dkt. No. 6). Plaintiff also states that he has reached out to the ACLU, Legal Aid, and various civil rights attorneys, but he has received no response from any of the organizations which, or individuals who, he has contacted. (*Id.*) However, this case was only recently commenced, and that the only facts upon which this court could base a decision as to whether this lawsuit is of substance are the facts stated in the plaintiff's complaint. Where there are merely unsupported allegations, the moving party does not meet the first requirement imposed by the Second Circuit for appointment of pro bono counsel. *See Harmon v. Runyon*, No. 96-Civ.-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997). Thus, for the above reasons, this court will deny appointment of counsel without prejudice at this time.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application for IFP status (Dkt. No. 7) is **GRANTED**, and it is

**RECOMMENDED**, that plaintiff's claims against defendant **UTICA POLICE DEPARTMENT** be dismissed **WITH PREJUDICE AGAINST THE POLICE DEPARTMENT, BUT WITHOUT PREJUDICE** to plaintiff amending his complaint to name the proper municipal defendant, based on the appropriate facts as outlined in this Report-Recommendation, and it is

**RECOMMENDED**, that to the extent that plaintiff based his complaint upon the Eighth Amendment, those claims

be **DISMISSED WITH PREJUDICE**, and the case proceed on the Fourth Amendment basis, and it is

**RECOMMENDED**, that plaintiff's equal protection claims be **DISMISSED WITHOUT PREJUDICE** to plaintiff filing a proposed amended complaint asserting a proper Equal Protection claim, and it is

**RECOMMENDED**, that if the District Court adopts this Recommendation, plaintiff be given **THIRTY (30) DAYS** from the date of the District Court's order to submit a proposed amended complaint for review, and it is

**RECOMMENDED**, that at the expiration of the thirty (30) day period, or any extended period granted by the court upon plaintiff's request, the Clerk be directed to return the complaint or amended complaint to me for further proceedings, including ordering service upon the defendants, and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 6) is **DENIED WITHOUT PREJUDICE AT THIS TIME**, and it is

**ORDERED**, that the Clerk serve a copy of this Order and Report-Recommendation upon plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

### All Citations

Slip Copy, 2017 WL 5514518

---

Footnotes

1   The court will cite to the pages of the complaint that have been assigned by the court's electronic filing system CM/ECF.

2   Apparently, this was not the first time that plaintiff attempted to conceal contraband in his rectum. (*Id.*) Plaintiff spends the next page and one half describing the previous incident which occurred in 2013 and involved defendant Paladino and someone named "Peter" Paladino. (Compl. ¶ 6 at 6-7). The prior incident ended when plaintiff arrived at the Utica Police

**Brown v. Utica Police Department, Slip Copy (2017)**

Station, and "the Body Warrant was properly executed by Inv. Peter Paladino." (*Id.* at 7). Plaintiff claims that although the officers could see the evidence, and instructed plaintiff to remove it, when he refused, Inv. Peter Paladino would not let defendant Paul Paladino retrieve it. As a result, plaintiff states that he plead guilty to "a fine in 2014." (*Id.*) Plaintiff then continues with the facts of the current incident. (*Id.*)

3    Neither of these individuals appear to have been named as defendants.

4    A municipality may only be named as a defendant in certain circumstances. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. A municipality may not be held liable solely because it employs a tortfeasor. *LaVertu v. Town of Huntington*, No. 13-CV-4378, 2014 WL 2475566, at *3 (E.D.N.Y. Apr. 4, 2014) (citing inter alia *Los Angeles County, Cal. v. Humphries*, –––– U.S. ––––, 131 S. Ct. 447, 452 (2010)), (Rep.-Rec*.), adopted in relevant part*, 2014 WL 2506217 (E.D.N.Y. June 2, 2014). Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Monell*, 436 U.S. at 694.

To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. *Id.*; *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979). Official policy includes the decisions of a government's lawmakers, the acts of policymaking officials, and practices that are so widespread as to "practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Municipal liability may also be shown by establishing that a policymaking official ordered or ratified the employees' actions either expressly or tacitly. Finally, municipal liability can, under certain circumstances, be based upon a failure to properly train the municipality's employees. *See City of Canton v. Harris*, 489 U.S. 378, 387-90 (1989).

---

**End of Document**                    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

Harmon v. Runyon, Not Reported in F.Supp. (1997)

Case 5:18-cv-00139-LEK-TWD  Document 11  Filed 03/30/18  Page 12 of 12

1997 WL 118379

1997 WL 118379
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Jeanette HARMON, Plaintiff,
v.
Marvin T. RUNYON, Postmaster General,
United States Postal Service, Defendant.

No. 96 CIV. 6080(SAS).
|
Mar. 17, 1997.

**Attorneys and Law Firms**

Jeanette Harmon, pro se.

Aaron Katz, Asst. U.S. Atty., New York, N.Y., for Defendant.

**Opinion**

*MEMORANDUM ORDER*

SCHEINDLIN, District Judge.

**\*1** On August 12, 1996, plaintiff filed this action pursuant to 42 U.S.C. §§ 2000e to 2000e–17 and § 29 U.S.C. §§ 621 to 634 for employment discrimination on the basis of her age, race and gender. On November 21, 1996, plaintiff applied for the appointment of counsel on the grounds that she lacks sufficient knowledge of the law to continue to maintain her claims *pro se.* For the reasons set forth below, plaintiff's application for appointment of counsel is denied with leave to renew.

Discussion As an initial matter, there is no constitutional right to appointed counsel in civil cases. Moreover, due to the scarcity of volunteer attorneys, the Second Circuit has cautioned against the routine appointment of *pro bono* counsel in civil cases. *See Cooper v. A. Sargenti Co.*

*Inc.,* 877 F.2d 170, 172 (2d Cir.1989). In *Hodge v. Police Officers,* 802 F.2d 58, 61–62 (2d Cir.1986), *cert. denied,* 502 U.S. 986, 112 S.Ct. 596, 116 L.Ed.2d 620 (1991), the Second Circuit set forth the factors courts should consider in deciding whether to grant a *pro se* plaintiff's request for the appointment of counsel. As a threshold requirement, the court must decide whether the plaintiff's claim "seems likely to be of substance." *Hodge,* 802 F.2d at 61. If the plaintiff meets this requirement, the court must next consider factors including:

the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id. at 61–62. As plaintiff is not indigent, the court is also required to consider plaintiff's efforts to obtain a lawyer. *Cooper,* 877 F.2d at 172, 174.

In the instant case, plaintiff has not met the threshold requirement set forth in *Hodge.* Plaintiff has presented no evidence whatever to support her claims regarding defendant's allegedly improper actions. Without presenting any evidence to support her claims, Harmon cannot meet the first requirement of the *Hodge* test described above. Accordingly, plaintiff's application is denied.

Given the early stage of these proceedings, it is possible that plaintiff eventually will be able to provide some evidence to support her claims. Plaintiff's application is therefore denied with leave to renew. If plaintiff wishes to apply again for the appointment of counsel, she must make some attempt to refer to evidence which supports her claims.

SO ORDERED.

**All Citations**

Not Reported in F.Supp., 1997 WL 118379

---

**End of Document**

© 2018 Thomson Reuters. No claim to original U.S. Government Works.