UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

RANDY LAQUAWN WILLIAMS TRUST,

       Plaintiff,

 -against-          5:18-CV-0139 (LEK/TWD)

WILLIAM J. FITZPATRICK, *et al.*,

       Defendants.

## ORDER

**I. INTRODUCTION**

  This matter comes before the Court following an Order and Report-Recommendation filed on March 30, 2018, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 11 ("Report-Recommendation"). Plaintiff Randy Laquawn Williams Trust, proceeding pro se, commenced this action on February 2, 2018. Dkt. No. 1 ("Complaint"). Plaintiff timely filed objections to the Report-Recommendation. Dkt. No. 12 ("Objections").

**II. LEGAL STANDARD**

  Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301,

306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### III. DISCUSSION

Plaintiff objects to Judge Dancks's determination to deny the motion for the appointment of counsel. Objs. at 3–6. Specifically, Plaintiff argues that Judge Dancks's "order to grant Plaintiff's in forma pauperis application and simultaneous [sic] deny Plaintiff's application for appointment of counsel is contradictory." Id. at 6. However, caselaw in this Circuit is clear that a plaintiff is not entitled to counsel simply because the court has granted an application to proceed in forma pauperis. E.g., Brown v. Utica Police Dep't, No. 17-CV-1190, 2017 WL 5514518, at *5 (N.D.N.Y. Nov. 16, 2017). Judge Dancks correctly determined that, at this early stage in the litigation, Plaintiff has not demonstrated that the claims in this action are likely to be of substance, and, accordingly, denied Plaintiff's motion to appoint counsel. Rep.-Rec. at 4.

As Judge Dancks also correctly noted, this action may not proceed without an attorney, given that Plaintiff is an artificial entity or, read liberally, a non-attorney trustee. Id. at 5. If this action is to proceed, the Complaint must be amended to assert allegations on behalf of Mr. Williams in his individual capacity. Mr. Williams is advised that altering the caption of the Complaint is not sufficient; an amended complaint must present meaningful differences in the

allegations asserted against the Defendants. See Decision and Order at 4, Williams v. County of Onondaga, No. 18-CV-183 (N.D.N.Y. Apr. 10, 2018), ECF No. 11 (dismissing amended complaint that was essentially "a xerox copy of the original complaint").

Any amended complaint, which shall supersede and replace in its entirety the Complaint, must be a complete pleading which sets forth all of the claims that Mr. Williams wants this Court to consider as a basis for awarding relief. Mr. Williams is advised that his failure to file an amended complaint within thirty days of the filing date of this Order will result in dismissal of this action without prejudice without further order of the Court.

## IV.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 11) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that if Mr. Williams wishes to proceed with this action, he must file an amended complaint **within thirty days** of the filing date of this Order; and it is further

**ORDERED**, that in the event Mr. Williams fails to file a signed amended complaint **within thirty days** of the filing date of this Order, the Clerk shall enter judgment without further order of this Court dismissing this action without prejudice; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	April 19, 2018
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge