UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RANDY LAQUAWN WILLIAMS,

                                        Plaintiff,

                                                                    5:18-CV-00139

v.

                                                                    (LEK/TWD)

COUNTY OF ONONDAGA, et al.

                                        Defendants.

_____

APPEARANCES:

RANDY LAQUAWN WILLIAMS
Plaintiff pro se
608 Summit Avenue
Syracuse, NY 13207


**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

<u>**ORDER AND REPORT- RECOMMENDATION**</u>

I.      **INTRODUCTION**

        The second amended complaint in this matter has been sent to the Court for initial review

pursuant to 28 U.S.C. § 1983. (Dkt. No. 14.)  The Randy Laquawn Williams Trust was listed as

Plaintiff in the original and amended complaints in which the named Defendants were Onondaga

County District Attorney ("DA") William J. Fitzpatrick and the County of Onondaga.  (Dkt. Nos.

1 and 5.)  The Court determined that it was unable to conduct an initial review of either pleading

because the trust was not represented by counsel.  (Dkt. Nos. 4 and 11.)

        The second amended complaint lists Randy Laquawn Williams ("Williams") as Plaintiff.

(Dkt. No. 14.)  Plaintiff has greatly expanded the number of Defendants in his second amended

complaint.  They are the County of Onondaga, City of Syracuse, DA Fitzpatrick, Asst. DA

Melinda H. McGunnigle, and Syracuse Police Department Defendants Detectives Steven

Kilburn, Steven Stonecypher, James O'Brien, and Richard Smith, in their individual and official

capacities.  *Id*.  Plaintiff has previously been granted leave to proceed *in forma pauperis* in the

action.  (Dkt. Nos. 6, 11.)

## II.     LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C.

§ 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the

case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii)

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the

complaint lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325

(1989).  "An action is frivolous when either: (1) the factual contentions are clearly baseless such

as when the claims are the product of delusion or fantasy; or (2) the claim is based on an

indisputably meritless legal theory."  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437

(2d Cir. 1998) (citations and internal quotation marks omitted).  Although extreme caution

should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse

party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*,

700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not

frivolous before permitting a plaintiff to proceed.  *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260

(2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua*

2

*sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better

pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III.    SECOND AMENDED COMPLAINT

### A.    Confiscation of Plaintiff's Cell Phone Pursuant to Search Warrants

Plaintiff alleges that he is a secured party/creditor, holder-in-due-course with respect to two cell phones that were allegedly confiscated by Defendants. (Dkt. No. 14 at ¶¶ 3, 14, 18-19.[1])

Defendant Detectives Stonecypher and Kilburn allegedly confiscated Plaintiff's cell phone, identified as a black ZTE Grand XZ987, on or about April 19, 2016, to assist in a robbery investigation. *Id*. at ¶ 14. Plaintiff has attached a Syracuse Police Department document entitled CNYLEADS Narrative Supplement 1, which indicates that the cell phone was retrieved from Williams pursuant to a search warrant issued as a part of the investigation of a homicide that occurred on April 18, 2016. *Id*. at p. 13.[2] CNYLEADS Narrative Supplement 1 was electrically signed by Defendant Kilburn. *Id*. According to Narrative Supplement 1, a review of the data on the cell phone revealed text messages that appeared to be relevant to the homicide investigation. *Id*. Plaintiff contacted Detective Stonecypher by phone on April 20, 2016, to retrieve his cell phone to no avail. *Id*. at ¶ 15. Defendant Kilburn printed out and highlighted messages from Plaintiff's phone on or April 25, 2016, and the black ZTE Grand XZ987 cell phone was turned over to Defendant Asst. DA McGunnigle on or about June 13, 2016. *Id*. at ¶¶ 16-17 and p. 7.

On June 14, 2016, Defendant Detective Smith received another of Plaintiff's cell phones from Defendant Detective James O'Brien. *Id.* at ¶ 18. Plaintiff alleges that at no time was

---

[1]  Paragraph numbers are used where documents identified by CM/ECF docket number contain consecutively numbered paragraphs.

[2]  Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

Detective O'Brien given consent to take the cell phone, which Plaintiff has identified as a Motorola XT 1526 Moto, serial number TA098043FH ("Moto"). (Dkt. No. 14 at ¶¶ 19-20.) However, a second CNYLEADS Narrative Supplement I, electronically signed by Detective Smith and attached to the second amended complaint by Plaintiff, indicates that the Moto was acquired by Detective O'Brien pursuant to a signed search warrant authorizing the search and acquisition of data from the device and subsequently turned over to Smith by O'Brien, along with the search warrant. *Id* at p. 19. Plaintiff alleges that both cell phones were turned over to DA Fitzpatrick and Asst. McGunnigle on June 15, 2016. (Dkt. No. 1 at ¶ 21.) Plaintiff claims he sent several letters and left numerous voice message for DA Fitzpatrick and Asst. DA McGunnigle seeking the return of his cell phones and received no response. *Id*. at ¶ 22.

      **B.**    **Plaintiff's Alleged Security Interest in the Cell Phones**

      On March 21, 2017, Plaintiff recorded Uniform Commercial Code ("UCC") financing statement #201703210136321, which Plaintiff alleges constitutes prima facie evidence of his security interest in the cell phones as an authorized representative of the debtor identified as the Randy Laquawn Williams Trust. *Id*. at ¶¶ 23-25 and pp. 23-25. On or about April 13, 2017, DA Fitzpatrick received a legal notice from Plaintiff, as Trustee of the Randy LaQuawn Williams Trust, formally demanding return of the cell phones, and informing Fitzpatrick that failure to release them within seventy-two hours of the letter would result in his office or Onondaga County becoming indebted to Plaintiff in the amount of $3,000, with a further indebtedness of $200,000 per day until the property was returned to Plaintiff. *Id*. at ¶ 27 and p. 21. DA Fitzpatrick did not respond. *Id*. at ¶ 27. On or about April 27, 2017, the County of Onondaga also received legal notice and also failed to respond. *Id*. at ¶ 28 and p. 27.

IV.    **ANALYSIS**

Federal courts are courts of limited jurisdiction and may not preside over cases absent

subject matter jurisdiction.  *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552

(2005).  Federal jurisdiction is available only when a "federal question" is presented or when the

plaintiff and the defendants are of diverse citizenship and the amount in controversy exceeds

$75,000.[3]  28 U.S.C. §§ 1331, 1332.  "It is long settled law that a cause of action arises under

federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."

*Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  When a court lacks subject matter

jurisdiction, dismissal of the complaint is mandatory.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500,

514 (2006).  Federal courts "have an independent obligation to determine whether subject matter

jurisdiction exists, even in the absence of a challenge from any party."  *Id.*

Plaintiff has commenced this action under 42 U.S. C. § 1983, which provides in relevant

part:

> [e]very person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State . . . subjects, or causes to
> be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must allege that the challenged

conduct (1) was "committed by a person acting under color of state law," and (2) "deprived [the

plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United

States."  *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir.), *cert. denied*, ___ U.S. ___, 131 S. Ct. 158

---

[3]  It is clear from the second amended complaint that there is not diversity of citizenship
between Plaintiff and the Defendants.  (*See* Dkt. No. 14 at pp. 1-4.)

(2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

Plaintiff's sole claim against Defendants is the alleged breach of a legally binding agreement, namely the legal notice from Plaintiff, as Trustee of the Randy Laquawn Williams Trust, to DA Fitzpatrick and the County of Onondaga demanding the return of his cell phones and imposition of penalties for failure to do so. (Dkt. No. 14 at ¶¶ 25-33.) In the unimaginable event Plaintiff was found to have viable breach of contract claim arising out of his unanswered written demand for return of the cell phones, which in turn relies upon Plaintiff's UCC filing, it would be solely a state law claim. *See Mermaid Landings LLC v. GDM Ltd., Inc.*, No. 15-CV-3100 (JS) (ARL), 2016 WL 5136766, at *1 (E.D.N.Y. Sept. 21, 2016)[4] (claims for breach of the New York UCC and breach of contract are state law claims). Moreover, the breach of contract claim or claim under the UCC have been asserted solely against DA Fitzpatrick and Onondaga County since they are the only Defendants alleged to have received the demand notices relied upon by Plaintiff. (Dkt. No. 14 at ¶¶ 27-28.)

No where in his second amended complaint has Plaintiff alleged that his right to be free from illegal search and seizure under the Fourth Amendment has been violated with respect to the confiscation of his cell phones, nor has he alleged any other constitutional or federal statutory claim that might be brought under § 1983. (See Dkt. No. 14.) In fact, Plaintiff's own exhibits to

---

[4] Copies of all unpublished decisions cited herein will be provided to Plaintiff in accordance with *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

his second amended complaint reveal that both cell phones were confiscated pursuant to search warrants. (Dkt. No. 14 at 13, 19.) *See Riley v. California*, ___ U.S. ___, 134 S.Ct. 2473, 2488-91 (2014) (law enforcement personnel are required to obtain a search warrant before searching a cell phone.) Plaintiff has not challenged the adequacy of the search warrants referenced in the exhibits or the examination by the Defendant Detectives of messages on the cell phones. He is challenging solely the failure by DA Fitzpatrick and the County of Onondaga to return the cell phones to him in breach of his rights under the UCC and demand notice.

Based on the foregoing, the Court concludes that there is no federal subject matter jurisdiction over Plaintiff's claims and recommends that the second amended complaint be dismissed without prejudice to Plaintiff asserting whatever state law claims he may have in a state court proceeding.[5]

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Plaintiff's second amended complaint (Dkt. No. 14) be dismissed for lack of subject matter jurisdiction without prejudice to Plaintiff pursuing whatever state law claims he may have in a state court proceeding; and it is hereby

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (*per curiam*). Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written

---

[5] Inasmuch as the Court is recommending that Plaintiff's second amended complaint be dismissed for lack of subject matter, the Court finds it unnecessary to address the issues of DA Fitzpatrick and Asst. DA McGunnigle's prosecutorial immunity, or Plaintiff's failure to allege facts plausibly showing municipal liability on the parts of the City of Syracuse and County of Onondaga.

objections to the foregoing report.[6]  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL**

**PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72.


Dated:  August 27, 2018
        Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[6]  If you are proceeding pro se and are served with this Order and Report-
Recommendation by mail, three additional days will be added to the fourteen-day period,
meaning that you have seventeen days from the date the Order and Report-Recommendation was
mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed
period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of
the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).

2016 WL 5136766
Only the Westlaw citation is currently available.
United States District Court,
E.D. New York.

Mermaid Landings LLC, Plaintiff,
v.
GDM Ltd., Inc., David Ballinger, and
A&M Manufacturing, Inc., Defendants.

15-CV-3100(JS)(ARL)
|
Signed 09/21/2016

**Attorneys and Law Firms**

For Plaintiff: Michael Evan Stern, Esq., Kristin Eileen
Poling, Esq., Robin, Fiorella & Friedman LLP, 630 Third
Ave., 3rd Floor, New York, NY 10017.

For Defendants, GDM Ltd., Inc.: No appearance.

David Ballinger: No appearance.

A&M Manufacturing: A&M Manufacturing, Inc., pro se,
26988 SE Highway 19, Old Town, FL 32680.

## MEMORANDUM & ORDER

SEYBERT, District Judge

**\*1** Currently pending before the Court is Magistrate
Judge Arlene R. Lindsay's Report and Recommendation
dated August 5, 2016 (the "R&R"), with respect to
plaintiff Mermaid Landings LLC's ("Plaintiff") motion
for entry of a default judgment against defendant GDM
Ltd., Inc. ("GDM"). (Docket Entries 14 and 16.) Judge
Lindsay recommends that Plaintiff's motion be denied
with leave to renew. (R&R, Docket Entry 16, at 1.)
Plaintiff has filed objections, which are presently before
the Court. (Pl.'s Obj., Docket Entry 20.) For the reasons
set forth below, Plaintiff's objections are OVERRULED,
the R&R is ADOPTED in its entirety, and Plaintiff's
motion is DENIED WITHOUT PREJUDICE and with
leave to renew.

## BACKGROUND

On May 28, 2015, Plaintiff commenced this action against
defendants GDM, David Ballinger ("Ballinger"), and
A&M Manufacturing, Inc. ("A&M"), asserting a federal
claim pursuant to the Magnuson-Moss Warranty Act and
state law claims for breach of the New York Uniform
Commercial Code, breach of contract, violations of the
New York Consumer Protection Act, breach of the
Florida Uniform Commercial Code, violations of the
Florida Consumer Protection Statute, and breach of
warranty. (See Compl. ¶¶ 30-66.)

The Complaint alleges, in relevant part, that Plaintiff
purchased a defective houseboat from GDM, which
designs and sells MetroShip Brand custom houseboats.
(Compl. ¶¶ 12, 14, 25.) Ballinger is the owner of GDM,
(Compl. ¶ 5), and GDM engaged A&M to construct
Plaintiff's houseboat (Compl. ¶ 18). After Plaintiff
discovered numerous defects in her houseboat, Ballinger
indicated that he would "remedy the situation." (Compl. ¶
26.) A&M dispatched employees to Montauk, New York,
to repair Plaintiff's houseboat; however, A&M employees
failed to complete the repairs. (Compl. ¶¶ 27-28.)

On October 26, 2015, the Clerk of the Court entered a
default against GDM pursuant to Federal Rule of Civil
Procedure 55(a). (Docket Entry 13.) On November 4,
2015, Plaintiff moved for the entry of default judgment
against GDM. (Pl.'s Mot., Docket Entry 14.) On January
16, 2016, the Court referred Plaintiff's motion to Judge
Lindsay for a report and recommendation on whether the
motion should be granted. (Docket Entry 15.)

### A. The R&R
The R&R recommends that Plaintiff's motion be denied
with leave to renew. At the outset, Judge Lindsay
referenced the affidavits of service filed with respect
to Plaintiff's attempted service of the Summons and
Complaint on GDM and Ballinger. (R&R at 1-2.) Judge
Lindsay noted that while Plaintiff attempted to serve
GDM pursuant to New York Business Corporation
Law Section 307, the affidavit of service "causes some
concern." (R&R at 1.) [1] Additionally, Judge Lindsay
noted that the affidavit of service filed regarding Ballinger
indicates that Plaintiff's process server was unable to
locate Ballinger. (R&R at 2.) As a result, Judge Lindsay
concluded that A&M is the only defendant "clearly on
notice of this action." (R&R at 2.) Judge Lindsay also
noted that the Clerk of Court declined to enter default

against Ballinger in light of the improper service. (R&R at 2.)

**\*2** Judge Lindsay stated that Plaintiff failed to properly support its motion, noting that Plaintiff did not submit a memorandum of law or proffer factual support and its "three page affidavit does not even cite to the complaint." (R&R at 2.) Judge Lindsay concluded that "without more support, the court must recommend that the motion be denied at this time." (R&R at 2.)

## DISCUSSION

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of being served with the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate judge's recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they are objecting. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at \*1 (S.D.N.Y. Mar. 4, 2002) (citations omitted). The Court must conduct a de novo review of any contested sections of the magistrate judge's report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

Plaintiff objects to the R&R and alleges that Judge Lindsay erred in recommending the denial of its motion because: (1) GDM was properly served, (2) Plaintiff was not required to file a memorandum of law, and (3) Plaintiff's failure to serve Ballinger is irrelevant as Plaintiff only moved for a default judgment against GDM. (Pl.'s Obj. 2-4.)

First, Judge Lindsay aptly noted that the affidavits filed regarding Plaintiff's attempted service of the Summons and Complaint on GDM raise concerns. (R&R at 1.) Plaintiff argues that GDM was properly served pursuant

to New York Business Corporation Law ("BCL") Section 307 because Plaintiff served the New York Secretary of State and mailed a copy of the Summons and Complaint to GDM's last known business address. (Pl.'s Obj. at 2-3.)[2] While Plaintiff's affidavits of service state that the Secretary of State was personally served and the Summons and Complaint were sent to GDM by registered mail, return receipt requested, at "3125 N. Washington [S]treet, #133 [Z]ellwood, [FL]. 32798" (the "Zellwood Address"), Plaintiff's affidavit of non-service indicates that a process server attempted to serve GDM at the Zellwood Address but was advised that the Zellwood Address is a post office that does not accept service. (Pl.'s Affs., Docket Entry 6-1.) Plaintiff alleges that the Summons and Complaint was mailed to GDM's "last known business address," but fails to proffer any documentation or additional support for the questionable notion that the Zellwood Address—which is apparently a post office—is GDM's last known business address. (Pl.'s Obj. at 2-3.)

**\*3** Second, Plaintiff's argument that it was not required to submit a memorandum of law in support of its motion is without merit. Local Civil Rule 7.1(a)(2) provides that with the exception of letter motions, all motions filed in this Court shall include, inter alia, "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined[.]" Where the plaintiff fails to file a memorandum of law pursuant to Local Civil Rule 7.1(a)(2), "the Court may deny the motion, though it is not required to do so." Cardoza v. Mango King Farmers Market Corp., No. 14-CV-3314, 2015 WL 5561033, at \*2 n.4 (E.D.N.Y. Sept. 1, 2015), report and recommendation adopted, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015). Here, as noted by Judge Lindsay, Plaintiff not only failed to file a memorandum of law, but its supporting attorney affirmation also failed to include any legal authority or even citations to the Complaint. (See generally Pl.'s Affm., Docket Entry 14-1; see also R&R at 2.) Moreover, the Court concurs with Judge Lindsay that Plaintiff woefully failed to factually support its request for damages or attorneys' fees. (R&R at 2.)

To the extent Plaintiff argues that it is entitled to default judgment for a sum certain pursuant to Federal Rule of Civil Procedure Rule 55(b)(1), that argument is also misplaced. (Pl.'s Obj. at 3.) Rule 55(b)(1) provides that "[i]f the plaintiff's claim is for a sum certain or a sum

that can be made certain by computation, the clerk—on plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing[.]" FED. R. CIV. P. 55(b)(1). However, the Complaint does not set forth a claim for a sum certain. Rather, the Complaint seeks the following relief: "judgment in [Plaintiff's] favor for all Courts, money damages, attorney's fees, interests and costs and all available additional relief as this Court sees fit." (Compl. at 11.) Parenthetically, while Plaintiff's objections allege that its "damages have specifically been shown to be $121,380," (Pl.'s Obj. at 3), Plaintiff has provided no evidentiary support for its purported damages calculation, aside from the Complaint's allegation that the price of the houseboat was $121,380, (see Compl. ¶ 16).

Third, the Court construes Judge Lindsay's discussion of Plaintiff's failure to serve Ballinger as part of the factual background of Plaintiff's motion, rather than a basis for her recommendation that Plaintiff's motion be denied.

### CONCLUSION

For the foregoing reasons, Plaintiff's objections (Docket Entry 20) are OVERRULED and Judge Lindsay's R&R (Docket Entry 16) is ADOPTED in its entirety. Plaintiff's motion for default judgment against GDM (Docket Entry 16) is DENIED WITHOUT PREJUDICE and with leave to renew. Plaintiff is directed to serve a copy of this Memorandum and Order on all defendants and to file proof of service on ECF.

SO ORDERED.

Dated: September 21, 2016.

**All Citations**

Not Reported in F.Supp.3d, 2016 WL 5136766

---

Footnotes

1    The R&R states that while the affidavit of service indicates that the Summons and Complaint were delivered to the New York Secretary of State, "the Florida process server tasked with the job of mailing a copy to GDM had difficulty because the address for such service was a United States Post Office." (R&R at 1-2). However, as set forth more fully infra, the Court's review of Plaintiff's affidavits of service indicates that the Summons and Complaint were mailed to GDM at a Zellwood, Florida address, but Plaintiff's process server was unable to personally serve GDM at that address because it is a post office that does not accept service. (Pl.'s Affs., Docket Entry 6.)

2    BCL Section 307(b)(2) provides that service on an unauthorized foreign corporation is sufficient where the process is personally delivered to the Secretary of State and a copy is sent by registered mail, return receipt requested, to "the post office address specified for the purpose of mailing process, on file in the department of state, or with any official or body performing the equivalent function, in the jurisdiction of its incorporation, or if no such address is there specified, to its registered or other office there specified, or if no such office is there specified, to the last address of such foreign corporation known to the plaintiff." N.Y. BCL § 307(b)(2).

---

**End of Document**                    © 2018 Thomson Reuters. No claim to original U.S. Government Works.