UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

RANDY LAQUAWN WILLIAMS,

                             Plaintiff,

    -against-                                    5:18-CV-0139 (LEK/TWD)

COUNTY OF ONONDAGA, *et al.*,

                             Defendants.
─────────────────────────────────────────

**DECISION AND ORDER**

**I.    INTRODUCTION**

In this case, plaintiff Randy Laquawn Williams alleges that multiple defendants, including several Onondaga County police detectives and members of the Onondaga County District Attorney's Office, confiscated two of his cell phones and refused to return them. Dkt. No. 14 ("Second Amended Complaint"). He asserts that this breached a security agreement between himself and Defendants because it violated the New York Uniform Commercial Code ("UCC"), and that 42 U.S.C. § 1983 provides a remedy. Id. ¶¶ 1, 23–33. In an August 27, 2018 Report-Recommendation decided pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3, the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, recommended that the Court dismiss this case. Dkt. No. 16 ("Report-Recommendation") at 7–8.

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." § 636(b). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). After reviewing the Report-Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

**III.    DISCUSSION**

Objections to the Report-Recommendation were due on September 13, 2018. Dkt. No. 16. None were filed. Docket. Accordingly, the Court has reviewed the Report-Recommendation for clear error. It finds none. Judge Dancks correctly concluded that Plaintiff does not assert that the seizure of his cell phones violated any federal statutory or constitutional provision and, therefore, cannot proceed under § 1983. West v. Atkins, 487 U.S. 42, 48 (1988). However, two points call for clarification.

First, to conclude that the detectives did not violate the Fourth Amendment when they seized Plaintiff's cell phones, Judge Dancks considered two police reports attached to the Second

2

Amended Complaint, which stated that they had warrants authorizing the seizure. Dkt. No. 14 at 13, 19 ("Exhibits"). It was appropriate for Judge Dancks to consider those reports. In determining whether a claim merits discovery under Rule 12(b)(6) or confers jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." King v. N.Y.C. Employees Ret. Sys., 212 F. Supp. 3d 371, 396–97 (E.D.N.Y. 2016). "When allegations contained within the complaint are contradicted by documents attached to the complaint, the documents control, and the Court need not accept the allegations contained within the complaint as true." Heath v. Banks, No. 15-CV-4228, 2016 WL 5716817, at *2 (E.D.N.Y. Sept. 30, 2016), aff'd, 692 F. App'x 60 (2d Cir. 2017).

Second, Judge Dancks reasonably concluded that Plaintiff's claim under § 1983 should be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1), rather than for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The fact that Plaintiff does not have a "valid (as opposed to arguable) cause of action does not" mean the Court lacks jurisdiction, which is the "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Id. Nevertheless, Plaintiff has not alleged any arguable constitutional violation that could support a claim under § 1983.

The warrants negate any Fourth Amendment claim in this case because "a search or seizure pursuant to a warrant is presumed valid." United States v. Awadallah, 349 F.3d 42, 64

(2d Cir. 2003) (citing Franks v. Delaware, 438 U.S. 154, 171 (1978)). "[S]o long as the magistrate had a 'substantial basis for. . . conclud[ing]' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." Illinois v. Gates, 462 U.S. 213, 236 (1983) (citation omitted). "[I]n certain circumstances. . . a defendant may challenge the truthfulness of factual statements made in the affidavit, and thereby undermine the validity of the warrant and the resulting search or seizure." Awadallah, 349 F.3d at 64. However, Plaintiff does not challenge the validity of the search warrants pursuant to which his cell phones were seized—only that the failure to return them at his request violated the UCC.

In addition, Plaintiff does not allege any defects in the procedure by which the detectives obtained the warrant, nor does he allege that New York lacks a remedy adequate to compensate him for the loss of his phones or to order their return if they were wrongfully retained, as would be required to make a colorable claim under the Fourteenth Amendment. Parratt v. Taylor, 451 U.S. 527, 543 (1981). Without a substantial federal question to decide, the Court cannot exercise jurisdiction under 28 U.S.C. §§ 1331 or 1343. See Steel Co., 523 U.S. at 89.[1]

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 16) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Second Amended Complaint (Dkt. No. 14) is **DISMISSED without prejudice**; and it is further;

---

[1] As Judge Dancks correctly noted, the parties are not citizens of different states, meaning that 28 U.S.C. § 1332 does not confer jurisdiction, either.

**ORDERED**, that the Clerk of the Court is directed to close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: October 12, 2018
             Albany, New York

Lawrence E. Kahn
U.S. District Judge